USDS SDNY
DOCUMENT
ELECTRONICALLY FILED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/08

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALBERTO FERRER<br><br>Plaintiff,<br>v.<br><br>MAYRICH CONSTRUCTION CORP.,<br>JOHN MAYRICH,<br><br>Defendant. | Civil Action No. 07-7999 (SGC)<br><br>STIPULATION TO<br>FILE SECOND<br>AMENDED COMPLAINT |

### STIPULATION FOR AMENDMENT OF PLEADING

It is hereby stipulated pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, by and between Adam C. Virant, counsel for Plaintiff, and Geoffrey S. Pope, counsel for Defendant(s), that Plaintiff Carlos Alberto Ferrer may file a Second Amended Complaint, a copy of which is attached hereto. Nothing in this stipulation serves as a waiver of any defenses of Defendant to Plaintiff's claims asserted in the Second Amended Complaint.

_____
Adam C. Virant, Esq. (AV5429)
Karpf, Karpf & Virant
140 Broadway
46th Floor
New York, NY 10005

_____
Geoffrey S. Pope, Esq. (GP5466)
Welby, Brady & Greenblatt, LLP
Westchester Financial Center
11 Martine Avenue, 15th Floor
White Plains, NY 10606

The foregoing Stipulation is hereby APPROVED as an Order of the Court.

_____
U.S.D.J.

2/11/08

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALBERTO FERRER <br> 1171 Forest Ave. <br> Apt. 1 <br> Bronx, New York 10456, <br><br> Plaintiff, <br> v. <br><br> MAYRICH CONSTRUCTION CORP. <br> a/k/a SBG Construction Corp. <br> 1141 Oakpoint Avenue <br> Bronx, New York 10474 <br> and <br> MAYRICH EQUIPMENT CORP. <br> 1141 Oakpoint Avenue <br> Bronx, New York 10474 <br> and <br> MAYRICH FOUNDATION COMPANY LLC, <br> 1141 Oakpoint Avenue <br> Bronx, New York 10474 <br> and <br> JOSEPH T. SCOTT <br> 5724 N. 6th Street <br> Staten Island, NY 10452, <br><br> Defendants. | CASE NO.: 07-7999 <br><br> CIVIL ACTION <br><br> JURY TRIAL DEMANDED |

## SECOND AMENDED CIVIL ACTION COMPLAINT

Plaintiff Carlos Alberto Ferrer, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.  This action has been initiated by Carlos Alberto Ferrer (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA"), 42 U.S.C. § 1981, New York Labor Law(s), and New York

Executive Law. Plaintiff asserts that Mayrich Construction Corp., Mayrich Equipment Corp., Mayrich Foundation Company, LLC and Joseph T. Scott (hereinafter referred to as "Defendants," unless indicated otherwise) intentionally failed to pay him overtime compensation, and intentionally retaliated against Plaintiff for engaging in protected activity, thereby violating provisions of the FLSA and the New York Labor Laws. Plaintiff further asserts that Defendants intentionally discriminated against him because of his national origin and race, thereby violating 42 U.S.C. § 1981 and § 296 of the New York Executive Law. As a result of these violations, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.  The instant action is initiated pursuant to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and 42 U.S.C. § 1981. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 32 U.S. 310 (1945) and its progeny.

3.  The United State District Court for the Southern District of New York may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

4.  This Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal

Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

5. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendants conduct substantial, systematic and continuous activity in this judicial district and because a substantial part and/or all of the actions alleged herein took place in this District.

## PARTIES

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Mayrich Construction Corp. is a domestic business corporation incorporated in the state of New York with its principal place of business in the State of New York.

8. Defendant Mayrich Equipment Corp. is a domestic business corporation incorporated in the state of New York with its principal place of business in the State of New York.

9. Defendant Mayrich Foundation Company, LLC is a domestic business corporation incorporated in the state of New York with its principal place of business in the State of New York.

10. Upon information and belief, Defendant Joseph T. Scott is a principal owner and operator of Mayrich Construction Corp., Mayrich Equipment Corp., and Mayrich Foundation Company, LLC.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff worked for Defendants for approximately twenty-one years. At the time of Plaintiff's separation, his job title was utility foreman.

13. Although Plaintiff's job title included the word "foreman," his duties consisted primarily of manual labor such as loading and unloading items from carts.

14. Plaintiff did not have the ability to hire or terminate employees.

15. Plaintiff did not have any significant discretion in the aspects of the job he performed.

16. Plaintiff was terminated from his employment in July of 2007.

17. At all relevant times, Plaintiff belonged to the workers' union.

18. Plaintiff worked well over forty (40) hours per week for Defendants.

19. At all times relevant herein, Plaintiff was employed by, paid, and managed by Defendant.

20. At all time relevant herein, most, if not all of Mayrich Construction was owned, operated, and/or managed by Joseph T. Scott.

21. Plaintiff was never compensated as required by the FLSA for overtime that he worked while employed by Defendants.

22. Defendants were aware of its obligation to pay Plaintiff's overtime compensation for any amount of time that Plaintiff worked beyond forty hours during a work week.

23. At all times relevant herein and upon information and belief, Plaintiff was intentionally not paid overtime by Defendants have engaged in a pattern and course of conduct to willfully avoid its overtime obligations, as such Defendant Joseph T. Scott is individually liable and responsible for Plaintiff's unpaid wages.

24. Plaintiff is of African-American and Latin ancestry.

25. During Plaintiff's employment with Defendants, he was continually harassed and discriminated against based on his national origin.

26. Defendants told Plaintiff on one occasion that he was a "dumb Rastafarian."

27. Plaintiff filed grievances with his union in July of 2007 concerning the aforesaid racial discrimination and failure to pay him overtime wages.

28. Upon Defendants learning that Plaintiff had filed grievances with the union, Defendant intentionally took retaliatory action(s) and terminated Plaintiff's employment.

## Count I
### Violations of 29 U.S.C. § 201 *eq seq.*
### (Failure to Pay Overtime & Retaliation)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.

31. At all times relevant herein, Plaintiff was employed with Defendant as an "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.

32. The Fair Labor Standards Act requires covered employers, such as

Defendant, to compensate all nonexempt employees at a rate not less than one and one-half times their regular rates of pay for all work performed in excess of 40 hours in a work week.

33. Plaintiff was not exempt from the requirement that Defendant must pay him overtime compensation under the Fair Labor Standards Act, and he is entitled to overtime compensation by Defendant.

34. At all times relevant herein, Defendant has and continues to have a policy and practice of not paying its employees overtime compensation under the Fair Labor Standards Act.

35. As a result of Defendant's failure to compensate Plaintiff and other employees of Defendant at a rate not less than one and one-half times their regular rates of pay for all work performed in excess of 40 hours per workweek, Defendant has violated and continues to violate the Fair Labor Standards Act, 29 U.S.C. § 207.

36. The foregoing conduct of Defendant, as alleged, constitutes willful violations of the Fair Labor Standards Act, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 255(a).

37. Plaintiff was unlawfully terminated for complaining about the improper and illegal practices of Defendant concerning payment of overtime wages.

### Count II
### Violations of New York Labor Law

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. By the course and conduct set forth above, Defendants have violated N.Y. Lab. Law, § 650, *et seq.*; N.Y. Comp. Codes R. & Regs. § 142-3.1 *et seq.*

40. The New York Labor Law requires an employer, such as Defendants to pay overtime compensation to all non-exempt employees. N.Y. Lab. Law, §§ 651(5)(c), 655(5)(b); N.Y. Comp. Codes R. & Regs. § 142-3.1 *et seq.*

41. Defendants had a policy and practice of refusing to pay overtime compensation to the Plaintiff.

42. As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due to the Plaintiff, Defendants have violated and continues to violate the New York Labor Law, N.Y. Lab. Law, §§ 651(5)(c), 655(5)(b); N.Y. Comp. Codes R. & Regs. § 142-3.1 *et seq.*

43. Plaintiff seeks the amount of the underpayments based on Defendants' failure to pay one and one half times the regular rate of pay for worked in excess of forty (40) hours per week, as provided by the New York Labor Law, § 663, *et seq.* and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### Count III
### Violation of 42 U.S.C. § 1981
### (Racial Discrimination)

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. At all times relevant herein, Plaintiff was discriminated against because of his race while in the employ of Defendants and terminated because of race.

46. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

### Count IV
### Violations of New York Executive Law § 296(1)
### (Racial Discrimination and Harassment and Retaliation)

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Pursuant to §296(1) of the New York Executive Law, it is an unlawful discriminatory practice for an employer and/or employee to discriminate against an employee because of national origin, or by creating a racially hostile environment for which the employee is forced to endure.

49. Defendants have engaged in an unlawful discriminatory practice under §296(1) of the State Human Rights Law by failing to prevent racial harassment of the plaintiff and allowing a racially hostile environment to be created and to occur.

50. Defendants have engaged in an unlawful discriminatory practice under §296(1) of the State Human Rights Law by giving preferential treatment to non-African American employees.

51. Pursuant to §296(1)(e) of the New York Executive Law, it is unlawful for an employer to "discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under [§296] or because he or she has filed a complaint, testified or assisted in any proceeding under [§296]."

52. Plaintiff filed a grievance with Defendants complaining about racial discrimination during his employment.

53. The grievance filed was the result of conduct specifically forbidden by §296(1) of the New York Administrative Law.

54. Plaintiff was terminated as a result of engaging in protected active.

55. Defendants have engaged in an unlawful discriminatory practice under §296(1)(e) because Defendants intentionally and illegally retaliated against Plaintiff by

terminating Plaintiff from his job, wherein he had been employed for twenty-one years, because Plaintiff engaged in protected activity.

56.   As a result of Defendants' unlawful discriminatory practices, Plaintiff has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.   Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of unlawfully failing to pay overtime to its employees and it is to be ordered to promulgate an effective policy against such an unlawful policy and to adhere thereto;

B.   Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating and/or retaliating against employees or prospective employees based on their race or national origin and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

C.   Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, overtime-pay, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

D.   Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and overtime compensation Plaintiff would have

received had it not been for Defendant's illegal actions;

E.  Plaintiff is to be awarded punitive and liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

F.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

G.  Plaintiff is to be awarded the costs and expenses of this action, prejudgment interest, and reasonable legal fees as provided by applicable federal and state law;

H.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable state and federal law; and

I.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law and Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & VIRANT

Adam C. Virant, Esq. (AV 5429)
140 Broadway
46th Floor
New York, NY 10005
(212) 929-6030

Dated: February 5, 2008